IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02420-BNB

MUSTAPHA D.R. TORAIN, #464762,

    Plaintiff,

v.

MITCHELL R. MORRISSEY, Reg. No. 13784,
TIM GOSS, #05118, and
SASSETTI,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Mustapha D.R. Torain, is an inmate at the Denver County Jail. Mr. Torain has filed *pro se* a Prisoner Complaint (ECF No. 1) and an amended Prisoner Complaint (ECF No. 5). He seeks damages as relief.

    The court must construe the amended Prisoner Complaint liberally because Mr. Torain is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Torain will be ordered to file a second amended complaint.

    The court has reviewed the amended Prisoner Complaint and finds that it is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may

respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

     Mr. Torain's allegations in the amended Prisoner Complaint appear to relate primarily to his arrest on drug charges and the validity of the criminal charges pending against him in state court.  However, the specific claims Mr. Torain asserts in the amended Prisoner Complaint are confusing and difficult to understand because it is not clear which claims are being asserted against which Defendants, Mr. Torain fails to identify the specific rights allegedly violated, and he fails to identify what each Defendant did that allegedly violated his rights.  As a result, Mr. Torain must file a second amended complaint if he wishes to pursue any claims in this action.  Mr. Torain must identify, clearly and concisely, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is

asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, Mr. Torain appears to ask the court to intervene in ongoing state court proceedings, which the court may not do absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Accordingly, it is

ORDERED that Mr. Torain file, **within thirty (30) days from the date of this order**, a second amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Torain shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Torain fails to file a second amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED October 16, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge
