IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02420-BNB

MUSTAPHA D.R. TORAIN, #464762,

    Plaintiff,

v.

MITCHELL R. MORRISSEY, Reg. No. 13784,
TIM GOSS, #05118, and
SASSETTI,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Mustapha D. R. Torain, is an inmate at the Denver County Jail in Denver, Colorado. Mr. Torain initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1). On October 10, 2013, Mr. Torain filed an amended Prisoner Complaint (ECF No. 5). On October 16, 2013, Magistrate Judge Boyd N. Boland entered an order directing Mr. Torain to file a second amended complaint that clarifies the specific claims he is asserting, the specific facts that support each asserted claim, identifies the Defendant or Defendants to each claim, and states what each Defendant did that allegedly violated his rights. (*See* ECF No. 10.) Magistrate Judge Boland specifically determined that the amended Prisoner Complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Boland warned Mr. Torain that, if he failed to file a second amended complaint that complies with the pleading requirements of Rule 8 within thirty days, the action would be

dismissed without further notice.

Mr. Torain has responded to Magistrate Judge Boland's order directing him to file a second amended complaint by filing two new pleadings and two other documents that contain varying iterations of his claims. On October 22, 2013, Mr. Torain filed a second amended Prisoner Complaint (ECF No. 11) asserting three claims for relief. On October 28, 2013, Mr. Torain filed a three-page document (ECF No. 12) that includes a different "Claim Two." On October 29, 2013, Mr. Torain filed a third amended Prisoner Complaint (ECF No. 15) that also contains three claims for relief. Finally, on November 1, 2013, Mr. Torain filed a document (ECF No. 17) that includes two pages from the court-approved Prisoner Complaint form, one of which is identified as "Claim Three," and various exhibits that apparently are relevant to the claims he is asserting in this action.

The Court must construe the pleadings and other documents filed by Mr. Torain liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the action will be dismissed.

The Court has reviewed all of the pleadings and other documents filed by Mr. Torain in response to Magistrate Judge Boland's October 16 order and finds that Mr. Torain still fails to provide a short and plain statement of the claims he is asserting as required pursuant to Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the

allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Torain's claims in this action arise out of his arrest on drug charges in February 2013 and the validity of the criminal charges pending against him in state court. Mr. Torain is asserting his claims against the following three individuals: Mitchell R. Morrissey, the District Attorney for the Second Judicial District; Tim Goss, a detective with the Denver Police Department; and a technician at the Denver Police Department crime lab identified as Sassetti. Finally, Mr. Torain is requesting as relief an award of damages for false arrest and the time he has spent in custody.

However, despite the specific instructions provided by Magistrate Judge Boland, Mr. Torain still fails to provide a short and plain statement of the specific claims he is asserting in this action, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. Instead, Mr. Torain makes only vague, conclusory, and confusing allegations that his rights have been violated because he was not arrested at the time of the alleged drug transaction, he did not have any drugs or money in his possession when he was arrested, and the police reports listing the weight of the drugs involved in the transaction indicate different amounts. These allegations are not sufficient to comply with the pleading requirements of Rule 8.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also Ketchum v. Cruz,* 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Because Mr. Torain fails to provide specific factual allegations in support of the claims he is asserting, the action will be dismissed for failure to file an amended pleading that complies with Rule 8 as directed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the complaint, the amended complaints, and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff has failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  21st  day of   November  , 2013.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court